James Eric MANSFIELD; Bernie L. Farmer; David Tate, Plaintiffs–Appellants

v.

MISSOURI DEPARTMENT OF CORRECTIONS; Doug Worsham, Reverend; George Lombardi; Vicki Myers; Melissa Massman; Jill McGuire; John C. Swisher, Reverend; Mariann Atwell; Brian Jamison; David Rost, Deputy Director; James Cushshon-Bey; Larry Lee–Bey; Janice Webb; George Garner; Joseph Landa; Lou Dorn; Chuck Stanford; Dolores Santha; Steve Long, Defendants–Appellees.

No. 12–3294.

United States Court of Appeals, Eighth Circuit.

Submitted: June 5, 2013.

Decided: June 10, 2013.

James Eric Mansfield, Bernie L. Farmer, Jefferson City, MO, David Tate, Clinton, MO, pro se.

Emily A. Dodge, Asst. Atty. Gen., Jefferson City, MO (Chris Koster, Atty. Gen., on the brief), for appellees.

Before WOLLMAN, BOWMAN, and GRUENDER, Circuit Judges.

PER CURIAM.

Missouri Department of Corrections inmates James Mansfield, Bernie Farmer, and David Tate, all members of the Christian Separatist Church Society, filed this action claiming that defendants, by denying plaintiffs group worship services, substantially burdened their practice of their religion in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), and violated their free-exercise and equal protection rights under the Constitution. The district court[1] granted defendants summary judgment, and plaintiffs appeal. Following careful de novo review, we agree with the district court that plaintiffs' free-exercise claim failed under the factors of *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), for essentially the same reasons cited in *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 983–84 (8th Cir.2004); the equal protection claim failed in part because plaintiffs did not show they were similarly situated to any groups that had been afforded communal worship services; and the RLUIPA claim failed because, assuming for summary judgment purposes that plaintiffs' religious practices had been substantially burdened, defendants had a compelling interest in institutional security, and they provided sufficient evidentiary support for their position that solitary-practitioner status was the least restrictive means by which to alleviate their security concerns.

Accordingly, we affirm the judgment of district court for the reasons provided in the court's order. *See* 8th Cir. R. 47B.

---

1. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.